HERGET, Judge.
On April 28, 1960 Republic National Life Insurance Company issued its group creditor life policy to Citizens National Bank in Hammond, Louisiana, wherein it agreed to insure the lives of certain named debtors of the Creditor Bank subject to the terms and conditions of the policy. The effective date of the policy was May 1, 1960.
On May 26, 1960 Mr. F. Allen Cross, now deceased, personally arranged with the Bank for an extension of an existing loan he had with the Bank. In connection with such extension there was issued on the same date a certificate of life insurance, with the Defendant-Insurer valid for a period of one year in the amount of $6,194.88 representing the balance due on the extended note. Mr. Cross, on September 8, 1960 repaid the loan in its entirety. He died on October 16, 1960. The policy in question provided for the payment to the Bank of any balance owed on the note with the stipulation that any surplus would be paid to designated beneficiaries of the insured. Upon notification to Defendant of the death of Mr. Cross, the insurer tendered to Plaintiff the premium paid by the insured to the said Bank and denied liability for the principal amount of the policy on the averment that under the condi *364 tions of tbe policy decedent was afforded no coverage under the terms thereof. Plaintiffs refused such tender and this suit was instituted by decedent’s widow Mrs. Marjorie Dennis Cross and the children of the marriage Peggy Marjorie Cross, Frank Allen Cross, III, and Diane Adele Cross (Peggy Marjorie Cross, a minor, appearing herein through her duly appointed Natural Tutrix, Marjorie Dennis Cross) against the Republic National Life Insurance Company seeking to recover the face amount of the certificate of insurance by it issued to the decedent.
The insurer contended the group policy afforded no coverage to Mr. Cross for the reason he was not a “new” debtor within the contemplation of the policy but was, in fact, an old debtor. Further answering, and assuming the position of Third Party Plaintiff, Republic National Life Insurance Company, averred in the event judgment should be rendered against it, that it have judgment against the Citizens National Bank in Hammond resulting from the negligent act on its part in extending to Mr. Cross insurance under the policy.
From a judgment in favor of Plaintiffs and against Republic National Life Insurance Company awarding Plaintiffs judgment against it in the sum of $6,194.88, the face value of the certificate of insurance, plus interest and costs, and dismissing' its third party demand against Citizens National Bank, Defendant prosecutes this appeal.
Under the group policy issued to the Bank coverage is provided for the following debtors of the Bank:
“COVERAGE •
“All debtors of the Creditor or all of any class or classes thereof determined by conditions pertaining to their indebtedness as defined in the application for this policy, and not excluded therein, whose respective names and amounts of indebtedness as of the effective date of this policy are submitted by the Creditor to the Company on forms as provided herein, shall be initially insured hereunder on the effective date of this policy for an amount equal to their respective indebtedness to the Creditor of the kind determined in said application; provided, however, that the amount of insurance in force on said debtor shall in no case exceed the maximum amount stated in said Application. While this policy is in force, all new debtors of the same class or classes may likewise be insured hereunder from the date they become new debtors of the Creditor.”
Learned counsel for Defendant earnestly contend upon the submission by the Bank of named debtors then obligated to the Bank as of May 1, 1960, under the terms of the policy the Bank was only authorized to issue certificates of insurance to new debtors. Inasmuch as at that time the decedent, Mr. Cross, was indebted to the Bank, which relationship commenced in May of 1958, the renewal and extension of his obligation on May 26, 1960 could not be categorized as establishing a new creditor-debtor relationship, in consequence of which no coverage was granted under the policy.
Though the argument of counsel for the Defendant Insurance Company is, to say the least, most ingenious, we are not in accord with his interpretation of the coverage provisions of the policy. The evidence shows the Bank had group policies with a number of companies and, as agent of said companies, insured the lives of its debtors. On May 1, 1960 the Bank, upon solicitation of Defendant, accepted the offer of Defendant to afford coverage to its debtors. In accordance with negotiations between the Bank and Defendant an application form was completed by the Bank in which it was stated the policy issued by Defendant provides “ * * * insurance on the lives of such Debtors of the Creditor, as are hereinafter defined and not excluded, who shall be indebted to the Creditor on the effective date of the policy or thereafter as provided therein.” Further, the form provided a space wherein informa *365 tion as to “Classes of Debtors to be insured and kind of indebtedness to be covered are as followsThis space was left blank. Beneath this particular provision in the policy there was printed:
“EXCLUSION OF COVERAGE:
"1. Debtors who are delinquent on their contracts of indebtedness on the date insurance under the policy would otherwise have become effective on such debtors.
“2. Individual Debtors whose original contract of indebtedness with the Creditor provides more than sixty (60) months to repay.”
There is no evidence whatever in the record that prior to the death of Mr. Cross, Defendant in any way notified the Bank this coverage was limited to the narrow construction which Defendant would now place upon the policy eliminating from coverage debtors whose obligations to the Bank resulted from extensions or renewals of preexisting obligations rather than new in the sense they had never before been a debtor of the Bank. In the form which was furnished to the Bank by the Defendant Company for submission to it of a list of insured debtors, nowhere was any requirement that such listing give the information as to whether the debtors were new or old, nor was there query requiring information as to the original date of the inception of the debt.
Learned counsel for Defendant contend in this Court the purpose of the requirement that the debtor be a new debtor in fact rather than a debtor whose obligation had been extended by the Bank was to guarantee the officers of the Bank — inasmuch as said policy is issued without a medical examination — would have an opportunity to personally observe the applicant so that any apparent physical disability would be noted. If the repayment of the loan depended on the physical capacity of the debtor, by such observation if a determination were made the prospective debtor’s health was impaired neither the Bank nor the Insurance Company would undertake the risk involved, the Insurance Company would thereby be protected. This contention on behalf of counsel is without merit for the evidence reveals that in truth and in fact the extension of the note of Mr. Cross was made upon his personal appearance in the Bank and affixing his signature to the extension clause on the back of the note.
A study of the policy itself clearly shows “new debtor” was not intended to mean — ■ nor is there any rational reason for attributing to the provisions of the policy such meaning — that such phraseology was designed to distinguish a debtor newly insured by the Company from a debtor whose loan had been extended. In our view the only purpose of the question was to garner information in regard to new business the Bank was obligated to give the Company. Without question, the policy refers to an initial group of debtors to be insured. However, the Company itself in an attempt to maintain a stable quantity of business with the Bank stipulated at least 100 new or additional debtors must be insured with the Company each year. Specifically the policy provided:
“COVERAGE OF NEW DEBTORS
“New or additional debtors may be admitted to coverage upon such premium rates as shall be determined by the Company on the basis of its experience during the immediately preceding policy year; provided, however, that no insurance shall become effective as to new debtors unless at least 100 new debtors have become insured hereunder during such preceding policy year.”
Considering the above quoted coverage clause of the policy in context with the general clause provision of the policy “COVERAGE”, supra, it is inescapable Defendant’s contention in respect to the interpretation of the meaning of the words “new debtor”, is without merit. Had the insurer, in fact, intended to restrict the coverage as contended by counsel, we are *366 of the opinion that, to say the least, the effort made to do so was by resorting to language which is most ambiguous. In all cases where the ambiguity of the language of the policy has arisen, the courts have rightly resolved the question in favor of the insured, as in equity they should do.
For these reasons we are of the opinion the decision of the Trial Court is eminently correct and, accordingly, same is affirmed.